UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD WIEDMEIER,<br><br>Defendant. | 4:17-CR-40097-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Todd Wiedmeier, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 52. Plaintiff, the United States of America, opposes the motion. Docket 63. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On June 7, 2018, Wiedmeier pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846. Dockets 31, 36. On August 28, 2018, the court sentenced Wiedmeier to 240 months in custody followed by 10 years of supervised release. Docket 46 at 2-3. The court later reduced Wiedmeier's sentence to 120 months in custody followed by 10 years of supervised release. Docket 51 at 2-3. Wiedmeier is eligible for home confinement on June 6, 2026, and his current anticipated release date is December 12, 2026. Docket 56 at 200.

Wiedmeier is incarcerated at Federal Prison Camp (FPC) Duluth in Duluth, Minnesota. *Id.* at 46; Docket 52 at 4; Docket 52-1. As of September 30, 2020, there are currently three active COVID-19 cases among FPC Duluth's

inmates and staff, zero deaths from COVID-19, and one inmate has recovered from COVID-19. *See BOP: COVID-19 Update*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited on Sept. 30, 2020).

Wiedmeier is 57 years old. Docket 56 at 8. His chronic medical conditions include asthma, polyarthritis, and hyperlipidemia. *Id.* at 1, 85, 134; Docket 52-1 at 1-2. Wiedmeier is prescribed an inhaler to control his asthma and medication to control his hyperlipidemia and polyarthritis. Docket 56 at 1, 88.

On March 26, 2020, Wiedmeier emailed the warden, requesting he be considered for home confinement due to COVID-19 and his health conditions. Docket 52-1 at 15, 20. The warden responded to Wiedmeier's request on April 27, 2020. *Id.* He submitted four additional requests for home confinement on April 7, 13, 14, and 20, 2020. *Id.* at 16-19. Wiedmeier filed a pro se motion with the court for relief under the First Step Act. Docket 52.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C.

2

§ 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Wiedmeier argues that his age, health conditions, and risk of serious illness or death from exposure to COVID-19 constitutes "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 52 at 3; Docket 67 at 1. Wiedmeier requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as a condition of supervised release. Docket 52 at 19-20; Docket 67 at 5.

I.    **Administrative Exhaustion**

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Wiedmeier first submitted a request for home confinement on March 26, 2020. The warden received his request on April 27, 2020. The 30-day period expired, at the latest, on May 27, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Wiedmeier's motion is ripe for review on the merits.

## II.     Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its

4

policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D.

Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Wiedmeier has failed to show that his age and medical conditions rise to extraordinary and compelling circumstances.

Wiedmeier contends that his circumstances warrant relief under the extraordinary and compelling reasons provision of U.S.S.G. § 1B1.13. Docket 52 at 7-9; Docket 67 at 1. Wiedmeier argues that his health conditions—asthma, psoriasis, psoriatic arthritis, and unspecified heart problems—put him at high-risk of severe illness if he contracts COVID-19. Docket 52 at 3. Wiedmeier did not articulate which category his circumstances falls within under the extraordinary and compelling reasons provision. Thus, the court will analyze his circumstances under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D).

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ

6

transplant, obesity (a BMI of 30 or higher), serious heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Sept. 11, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of medical conditions that *may* put a person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), hypertension or high blood pressure, smoking, liver disease, and several others. *Id.*  The CDC has also stated that as an individual gets older, the individual's risk for severe illness from COVID-19 increases. *Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (Sept. 11, 2020). "The greatest risk for severe illness from COVID-19 is among those aged 85 or older." *Id.*

The court has reviewed the medical records submitted in this case. Wiedmeier's medical conditions include asthma, hyperlipidemia, polyarthritis, and psoriasis. Docket 56 at 1. Although Wiedmeier claims he suffers from a heart condition (Docket 52 at 3) his medical records do not reflect this condition. *See* Docket 56 at 1, 162.

Wiedmeier's asthma is listed by the CDC as a medical condition that *might* increase the risk of severe illness from COVID-19. BOP records note that Wiedmeier's asthma is categorized as "mild seasonal asthma" or "intermittent mild." *Id.* at 1, 85. Additionally, Wiedmeier's asthma appears to be managed

7

with two inhalers. *Id.* at 179; *see United States v. Muhlenhardt*, 2020 WL 4697112, at *4 (D. Minn. Aug. 13, 2020) ("[D]espite the risk [the defendant's] asthma can present, the Court agrees with the findings of several courts that this risk alone is insufficient to warrant release."); *United States v. Slone*, 2020 WL 3542196, at *6 (E.D. Pa. June 30, 2020) ("[A]n incarcerated person arguing extraordinary and compelling reasons based on asthma which is not moderate to severe is not entitled to compassionate release.").

Wiedmeier's other medical conditions—hyperlipidemia, polyarthritis, and psoriasis—are not listed as medical conditions that might increase or increase the risk of severe illness from COVID-19. Wiedmeier has not identified how any of his medical conditions prevent him from providing self-care in a correctional facility setting or how they amount to extraordinary and compelling circumstances. As for Wiedmeier's age, although he has a higher risk for severe illness than individuals younger than him, he is not considered in the greatest risk category according to the CDC because he is not over 85 years old.

While some of these chronic conditions may put Wiedmeier at a higher risk of severe illness if he contracts COVID-19, that has not been the case as of yet. *See United States v. Fry*, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (holding that to merit compassionate release, inmate "must show more than a mere speculation of the possibility of contracting the virus."). Additionally, there is no evidence in the record to suggest he has not been able to manage these conditions while in the prison environment. Wiedmeier is receiving medical attention and treatment for these conditions, which all appear to be

stable or controlled. *See* Docket 56 at 41, 56, 119-120, 143, 161-162, 179. "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) (internal quotation omitted). Thus, the court finds that Wiedmeier does not satisfy the criteria under U.S.S.G. § 1B1.13 comment note 1(A) or U.S.S.G. § 1B1.13 comment note 1(D).

Additionally, Wiedmeier's motion has not shown that the BOP's response to the pandemic at FPC Duluth has been inadequate in any way. *See United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."). At the present time, there are three active COVID-19 cases among the inmates and staff at FPC Duluth and one inmate has recovered from COVID-19. "Thus, it appears that the facility has been responding to and defending against the threats of the virus in a vigorous and generally effective manner." *United States v. Williams*, 2020 WL 4756738, at *4 (E.D. Pa. Aug. 17, 2020); *see also United States v. Berry*, 2020 WL 4035457, at *3 (D.N.J. July 17, 2020) ("[G]iven the markedly restrained progression of the virus within FCI Schuylkill, as compared to within the Delaware Valley region generally, BOP's Action Plan appears to be having a positive impact."). Although Wiedmeier is unable to practice preventative measures as effectively in custody as he would in home

9

confinement, FPC Duluth encourages inmates to wash their hands frequently, wear facial masks, and practice social distancing when feasible. *See BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 23, 2020). Wiedmeier can do all those recommendations to some extent.

The court believes that Wiedmeier's medical conditions are appropriately managed at FPC Duluth, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, and that it would act to treat any inmate who does contract COVID-19. Although the court in no way underestimates Wiedmeier's health conditions, such ailments, coupled with the present conditions at FPC Duluth, do not establish extraordinary and compelling reasons justifying his early release.

Even assuming Wiedmeier's medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Wiedmeier was involved in a conspiracy to distribute 500 grams or more of a controlled mixture or substance containing methamphetamine; he was found responsible for distributing approximately 786.58 grams of methamphetamine. Docket 42 ¶ 51. At his sentencing, Wiedmeier's total offense level was a 27, and he was in criminal history category III. *Id.* ¶ 92. The court originally sentenced Wiedmeier to the mandatory minimum of 240 months. Docket 42 ¶ 91; Docket 46 at 2. Later, the court reduced Wiedmeier's sentence below the mandatory minimum to 120 months in custody. Docket 51

at 2-3. Wiedmeier has only served approximately 20% of his sentence. Docket 56 at 201. Therefore, the court finds that Wiedmeier's sentence of 120 months in custody with 10 years of supervised release continues to be appropriate for the seriousness of the crime to which he pleaded guilty.

## CONCLUSION

Wiedmeier has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 52) is denied.

Dated September 30, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE