UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TODD WIEDMEIER<br><br>　　　　　Defendant. | 4:17-CR-40097-01-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Todd Wiedmeier, moves for reconsideration of the court's order denying him compassionate release dated September 30, 2020 (Docket 68) and renews his request for relief under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 69. Plaintiff, the United States of America, opposes the motion. Docket 73. For the following reasons, the court denies Wiedmeier's request for compassionate release.

## BACKGROUND

The background of Wiedmeier's case was set forth in the court's order dated September 30, 2020. Docket 68. To summarize, on August 28, 2018, Wiedmeier was sentenced to 240 months in custody for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 46 at 2-3. Later, the court reduced his sentence to 120 months imprisonment. Docket 51 at 2-3. Wiedmeier is incarcerated at Federal Prison Camp Duluth (FPC Duluth) in Duluth, Minnesota. Docket 52 at 4; Docket 52-1. Wiedmeier is currently eligible for home confinement on June 12, 2026, and

his anticipated release date is December 12, 2026. Docket 56 at 200.

Wiedmeier is 57 years old. *Id.* at 8. As documented in his medical records, Wiedmeier suffers from asthma, being overweight, polyarthritis, and hyperlipidemia. *Id.* at 1, 85, 134; *see also* Docket 71 at 97. He takes aspirin and atorvastatin to treat his hyperlipidemia. Docket 71 at 41-42. As of December 8, 2020, Wiedmeier is slightly below the threshold body mass index (BMI) for obesity and is classified as overweight with a BMI of 29.7. *Id.* at 97.

In support of his request for reconsideration, Wiedmeier urges the court to consider that FPC Duluth has had a second wave of COVID-19 cases since the summer of 2020 and his medical conditions put him at risk. Docket 69 at 1-2. Wiedmeier informs the court his asthma was "played down" and should be categorized as moderate. *Id.* at 2.

The government opposes reconsideration, arguing the court appropriately denied Wiedmeier's initial motion for release, he has not exhausted his administrative remedies with his motion to reconsider, and the presence of additional COVID-19 cases within the facility does not warrant release. Docket 73 at 2-5. The government further indicates the court's previous balancing of the 3553(a) factors does not weigh in favor of Wiedmeier's release now. *Id.* at 2.

## DISCUSSION

As of February 19, 2021, there are currently no active COVID-19 cases among FPC Duluth's inmates and one among staff, no deaths have occurred from COVID-19, and 189 inmates have recovered from COVID-19 at FPC Duluth. *See BOP: COVID-19 Update,* Fed. Bureau of Prisons,

2

https://www.bop.gov/coronavirus/ (last visited Feb. 22, 2021). The total population at FPC Duluth is 296 persons. *Id.* https://www.bop.gov/locations/institutions/dth/ (last visited Feb. 22, 2021). The reported information demonstrates the COVID-19 outbreak at FPC Duluth was widespread, but not devastating. During his time in custody, Wiedmeier has had three COVID-19 tests and all had negative outcomes. Docket 71 at 101. This persuades the court that FPC Duluth has acted appropriately to treat inmates who do contract COVID-19.

Recently, the Bureau of Prisons (BOP) has implemented a COVID-19 vaccination plan and has begun administering vaccines to inmates and staff. *See BOP: COVID-19 Update,* https://www.bop.gov/coronavirus/ (last visited Feb. 19, 2021). As of February 22, 2021, 50,245 doses have been administered systemwide. *Id.* At FPC Duluth, 53 staff and 43 inmates have been fully inoculated as of February 19, 2021. *Id.* According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

*Id.*

The government argues that Wiedmeier has failed to exhaust his administrative remedies because he did not present his motion to reconsider to

3

the warden of the facility. Docket 73 at 2. Wiedmeier has not alleged or shown that he submitted a second request for compassionate release to the warden before filing his motion with the court. *See* Dockets 69, 70, 71. Because the court denies Wiedmeier's request, it is unnecessary to decide whether exhaustion of administrative remedies is required for a motion to reconsider.

Wiedmeier asserts that his newly categorized asthma, his overweight condition, and his other medical conditions coupled together warrant early release from custody. Docket 69 at 2. However, the court addressed these arguments in the prior order and its analysis remains the same, despite the new information that his asthma is considered moderate in severity. These circumstances do not constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i), and the court had denied compassionate release motions under similar circumstances. *See, e.g., United States v. Wright*, 4:16-CR-40083-04 KES, Docket 545 (D.S.D. Feb. 4, 2021) (denying compassionate release to defendant with BMI of 35.5 or 33.3, bipolar disorder, asthma, latent tuberculosis infection, and chronic and allergic rhinitis); *United States v. Adame*, 4:18-CR-40117-05-KES, 2020 WL 7212096, at *4 (D.S.D. Dec. 7, 2020); (denying compassionate release to defendant with BMI of 33.8, asthma, anxiety, and positive case of COVID-19); *United States v. McAbee*, No. 4:14-CR-40027-01-KES, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons).

The court detailed the governing law and analysis it uses when

4

confronted with a compassionate release motion in its Order dated September 30, 2020. Docket 68. For current purposes, it is sufficient to note that because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the First Step Act (FSA), which permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, § 603(b)(1) 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The court finds Wiedmeier's current circumstances do not clear the high bar necessary to warrant compassionate release for "extraordinary and compelling" reasons. In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since Wiedmeier's initial motion for release was denied.

## CONCLUSION

Wiedmeier has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for reconsideration of the court's order denying compassionate release under the First Step Act (Docket 69) is denied.

Dated February 22, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE